CHARLES D. JARRELL (BAR NO. 172108)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: cjarrell@allenmatkins.com

Attorneys for Plaintiff
Kineticom, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINETICOM, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAD SOKOLOSKY, an individual,<br>BCC:SOLUTIONS,<br><br>    Defendants. | Case No. **'10 CV2227 MMA POR**<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, Kineticom, Inc. ("Kineticom" or "Plaintiff"), by and through its attorneys, hereby alleges as follows:

## NATURE OF ACTION

1.  Plaintiff in this action seeks damages for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, conversion, interference with contract, and interference with prospective economic advantage for Defendants' failure to comply with their agreements with the Plaintiff, their fraudulent misrepresentations to the Plaintiff, their theft and conversion of personal property and proceeds due to the Plaintiff, and their acts which have interfered with the prospective economic advantage and contracts held by Plaintiff with third parties. Theses causes of action are stated under the common law and statutes of the State of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, based upon the diversity of the citizenship of the parties hereto.

3. The subject agreement between the parties was entered into within the Southern District of California, and the actions of Defendants complained of in this complaint have been and continue to be committed, at least in part, within the Southern District of California.

4. Defendants entered into agreements with the Plaintiff in the State of California, and within this judicial district, and the tortuous acts of Defendants complained of in this complaint, have been and continue to be committed and have caused harm to Plaintiffs, within this judicial district. Accordingly, personal jurisdiction exists over Defendants.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff Kineticom is a California corporation, with its principal place of business located in the County of San Diego, State of California.

7. Defendant Chad Sokolosky ("Sokolosky") is an individual presently believed to be residing in the State of Texas, and is an officer and/or director of Defendant BCC:Solutions, Inc. ("BCC:Solutions"). Sokolosky has done business within the County of San Diego, State of California, and has engaged in the tortuous acts complained of in this complaint in the Country of California.

8. On information and belief, Plaintiff alleges that BCC:Solutions is a Texas limited liability corporation which has entered into agreements, transacted business, and committed the tortuous acts complained of in this complaint, within the County of San Diego, State of California.

9. At all times relevant to this complaint, Defendant Sokolosky, through action and/or omission, and acting personally and/or in concert with others, aided, abetted, controlled, actively directed and/or caused BCC:Solutions to commit the tortuous acts complained of herein and further acted as the alter ego of BCC:Solutions.

## GENERAL ALLEGATIONS

10. Plaintiff Kineticom is a company based in San Diego, California, which provides technology staffing services to corporations and other entities in the technology and telecommunications industries.

11. In October of 2009, Kineticom retained Sokolosky and BCC:Solutions to provide certain services to Kineticom. Pursuant to the agreement between Kineticom and Defendants, Sokolosky and BCC:Solutions were required to used their best efforts, and dedicate significant time, to expand Kineticom's business, locating contracts for Kineticom, and identifying sources of additional revenue for Kineticom. This agreement is hereinafter referred to as the "Agreement."

12. In addition to retaining Sokolosky and BCC:Solutions to provide the services identified above, Kineticom provided Sokolosky and BCC:Solutions with certain equipment to use during the course of their employment with Kineticom. This equipment was expressly stated to remain the property of Kineticom, and was to be returned by Defendants at the conclusion of Defendants' employment with Kineticom.

13. Defendants breached their agreements with Kineticom, and otherwise engaged in tortuous activity, by: (1) failing to perform the services that they were required to perform pursuant to their agreements with Kineticom, (2) failing to provide documentation and information regarding contracts and purchase orders between Kineticom and third parties, (3) Defendants failed to pay monies to Kineticom that were received by Defendants that were intended to be forwarded to Kineticom, and which represented payment for services and materials provided by Kineticom, (4) Defendants failed and refused to return the property that was provided to Defendants for their use during their employment with Kineticom.

14. In addition to the above, Defendants repeatedly made false misrepresentations to Kineticom. Specifically, Defendants represented to Kineticom that they would use their best efforts to secure additional contracts and purchase orders for Kineticom, but they failed to do so. Defendants also represented that they were qualified to perform the services that they were retained to perform, but this representation was false. Defendants have also repeatedly represented to Kineticom that they would return the equipment provided to them by Kineticom,

but they have failed to do so. Defendants have also represented that they would forward to Kineticom the amounts received by Defendants, but have failed to do so. Defendants have also accepted compensation for services that they did not provide.

15. Plaintiff and its counsel have attempted to contact Defendants to resolve the above issues, but Defendants have refused to respond to these inquiries.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against All Defendants)

16. Plaintiff repeats and realleges and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

17. As indicated above, Plaintiff and Defendants entered into the Agreement, which required the Defendants to provide certain services and comply with certain requirements.

18. Plaintiff has complied in all respects with the terms of the Agreement, except to the extent that such compliance has been excused.

19. Defendants have breached the Agreement as specifically alleged above by, without limitation, failing to provide the services that they were required to provide pursuant to the terms of the Agreement, retaining and refusing to forward to Kineticom monies and funds that were transmitted to Defendants for forwarding to Kineticom, refusing to return equipment and personal property provided to Defendants by Plaintiff for their use in connection with their employment with Kineticom, failing to provide required information and documentation regarding services allegedly provided on behalf of Kineticom.

20. As a direct and proximate result of Defendants breaches of contract, Plaintiff has sustained monetary and other damages in an amount that is in excess of the jurisdictional minimum of the Court, and that is subject to proof at time of trial.

## SECOND CAUSE OF ACTION

## FRAUD

### (Against all Defendants)

21. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

22. Defendants represented to Plaintiff that they would comply with the obligations affirmed in the Agreement, that they would timely and completely forward to Plaintiff all funds received by Defendants on behalf of the Plaintiff, that they would return the equipment that was provided to them in a timely fashion, and that they would provide all necessary information and documents relating to the services they provided on behalf of the Plaintiff.

23. Defendants knew at the time they made the forgoing representations that they were false, and they knew that Plaintiff would rely on the representations.

24. Plaintiff was ignorant of the falsity of Defendants' representations, and Plaintiff reasonably and justifiably relied upon those misrepresentation in entering into the agreement with Defendants, and in providing Defendants with business opportunities and with the equipment referenced above. Plaintiff would not have taken these acts had it known the true facts.

25. As a direct and proximate consequence of the foregoing false representations, Plaintiff has been damaged in an amount that is in excess of the jurisdictional limits of this Court. Plaintiff will seek leave of court to allege the exact amount of its damages when the same have been ascertained.

26. In connection with the foregoing, Defendants acted with the intention to deceive and defraud Plaintiff and were guilty of fraud, oppression and malice. In addition to actual damages, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

27. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

28. The Agreement contain an implied covenant of good faith and fair dealing requiring Defendants to refrain from taking any action and interfere with the benefits and rights to be received by Plaintiff under the Agreement.

29. Defendants' actions, as alleged herein, constitute a breach of such implied covenants. Specifically, Defendants have breach the implied covenant of good faith and fair dealing by undertaking the actions alleged hereinabove, including without limitation: (1) converting and diverting funds intended for payment to Kineticom for Defendants' own benefit, (2) failing and refusing to provide documents and information required to be provided to Kineticom, (3) failing to follow up on purchase orders and contracts with third parties, to Kineticom's detriment, (4) retaining and refusing to return to Kineticom the equipment and personal property provided to Defendants by Kineticom.

30. As a direct and proximate result of Defendants' breaches, Plaintiff has sustained monetary and other damages in an amount that in is excess of the jurisdictional minimum of this Court, and that is subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

## CONVERSION

### (Against All Defendants)

31. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

32. In taking the actions described above, Defendants converted valuable personal property that was and is owned by Plaintiff, and funds and monies that were and are the property of the Plaintiff.

33. Defendants' actions in converting the property and funds described above were wrongful, tortuous, and without justification.

34. As a direct and proximate result of Defendants' conversion, Plaintiff has sustained monetary and other damages in an amount that in is excess of the jurisdictional minimum of this Court, and that is subject to proof at time of trial.

## FIFTH CAUSE OF ACTION

## INTERFERENCE WITH CONTRACT

### (Against All Defendants)

35. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

36. Plaintiff holds valuable contracts and agreements with third parties and entities, and has a reasonable expectation of economic benefit and advantage by virtue of these contracts and agreements.

37. In taking the actions alleged above, Defendants interfered with and damaged the contracts and agreements between Plaintiff and third parties and entities.

38. As a direct and proximate result of Defendants' interference with Plaintiff's contracts and agreements, Plaintiff has sustained monetary and other damages in an amount that in is excess of the jurisdictional minimum of this Court, and that is subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

39. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

40. Plaintiff holds relationships and affiliations with third parties and entities, which provide Plaintiff with a reasonable expectation of economic benefit and advantage by virtue of these contracts and agreements.

41. In taking the actions alleged above, Defendants interfered with and damaged the Plaintiff's reasonable expectation of economic benefit.

42. As a direct and proximate result of Defendants' interference with Plaintiff's reasonable expectation of economic advantage and benefit, Plaintiff has sustained monetary and other damages in an amount that in is excess of the jurisdictional minimum of this Court, and that is subject to proof at time of trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory and general damages according to proof in an amount not less than One Hundred Thousand Dollars;

2. For punitive damages in an amount sufficient to punish said Defendants;

3. For Plaintiff's costs of suit incurred herein, and

4. For such other and further relief as the Court may deem just and proper.

Dated: October 27, 2010

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
CHARLES D. JARRELL

By: *s/Charles D. Jarrell*
CHARLES D. JARRELL
Attorneys for Plaintiff
Kineticom, Inc.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KINETICOM, INC.

### DEFENDANTS
CHAD SOKOLOSKY, an individual, BCC:SOLUTIONS

(b) County of Residence of First Listed Plaintiff **San Diego, California**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Collin County, Texas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
CHARLES D. JARRELL
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 S. Figueroa St., 9th Fl.
Los Angeles, CA 90071-3309
(213) 622-5555

Attorneys (If Known)

**'10CV2227 MMAPOR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury—Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| [x] 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | **Habeas Corpus:** | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | **IMMIGRATION** 462 Naturalization Application / 463 Habeas Corpus—Alien Detainee / 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Breach of contract action for damages.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $100,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: October 27, 2010
SIGNATURE OF ATTORNEY OF RECORD: s/Charles D. Jarrell

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com